NOT FOR PUBLICATION

R E C E I V E D

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUN 2 0 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

MEDICAL TRANSCRIPTION BILLING
CORP.,

                    Plaintiff,

v.

THE BRONX-LEBANON HOSPITAL
CENTER,

                    Defendant.

Civ. No. 12-1028

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

    This matter has come before the Court on Defendant Bronx-Lebanon Hospital Center's

("Bronx-Lebanon" or "Defendant") Motion to Dismiss for Lack of Personal Jurisdiction,

Improper Venue, and Failure to State a Claim [docket #5] brought pursuant to Federal Rule of

Civil Procedure 12(b).  Plaintiff Medical Transcription Billing Corp. ("MTBC" or "Plaintiff")

opposes this motion [9] and has moved to disqualify Defendant's attorney [10].  The Court has

decided these motions after considering the submissions of the parties and without oral argument

pursuant to Federal Rule of Civil Procedure 78(b).  For the following reasons Defendant's

motion will be granted and Plaintiff's motion will be denied as moot.

    This dispute arises out of billing services performed for the benefit of Defendant.

Defendant originally entered into a contract with a third-party, MediTab Consulting Co.

("MediTab"), to perform these billing functions.  (Compl. ¶ 5).  Both Defendant and MediTab

are New York corporations.  At some point in 2010, MediTab's business started to unravel.  (*Id.*

¶ 10).  This caused MediTab to subcontract with Plaintiff, a New Jersey corporation, in order to

have Plaintiff perform billing services for Defendant on MediTab's behalf.  (*Id.* ¶ 11).  Plaintiff

1

claims that although it performed multiple functions and tasks for Bronx-Lebanon on behalf of MediTab, it was never paid for this work. (*Id.* ¶¶ 32–42). In addition, the Complaint alleges that Defendant falsely told Plaintiff that it had "unofficially" been awarded the contract to perform these services after the expiration of the then-existing contract between Defendant and MediTab. (*Id.* ¶¶20–24). As a result of these actions, Plaintiff brought suit alleging claims arising under state common law, including claims for unjust enrichment, quantum meruit, and promissory estoppel.

## I.   PERSONAL JURISDICTION

Before addressing any of Defendant's substantive contentions, the Court must first determine whether it has the appropriate jurisdiction to hear this case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945 (2009) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)) (court has duty to determine its jurisdiction when it is "fairly in doubt"); *see also Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003) (citations omitted). Defendant argues that it is not subject to personal jurisdiction in the State of New Jersey. Accompanying Defendant's motion to dismiss were appropriate affidavits supporting this position. In response, Plaintiff did not provide the Court with any additional evidence but instead relied on contentions in its Complaint [1-1] and unsupported assertions in its brief. Without holding an evidentiary hearing, the Court has determined that Plaintiff has not met its burden in establishing personal jurisdiction over Defendant in the State of New Jersey.

"If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007). A plaintiff is generally "required to sustain its burden of proof 'through sworn affidavits or other competent evidence.'" *Stranahan Gear Co. v. NL Indus., Inc.*, 800 F.2d 53, 58 (3d Cir. 1986) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735

F.2d 61, 67 n.9 (3d Cir. 1984)).   Nevertheless, when an evidentiary hearing is not held, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)).

In this case, Plaintiff has not submitted any evidentiary support for its position. *See* (Pl.'s Opp. Br.) [9].   Therefore, because the Court has not held an evidentiary hearing, the question is whether the facts contained in Plaintiff's Complaint, taken as true, are sufficient to make out a prima facie case that this Court has personal jurisdiction over Defendant.

A defendant is subject to personal jurisdiction when its "conduct and connection with the forum state is such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).   Because New Jersey's long-arm statute is co-equal with due process, the normal two-prong test for personal jurisdiction collapses into one inquiry—i.e., whether the exercise of personal jurisdiction comports with due process. *See Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992).   There are two types of personal jurisdiction: general and specific.   General jurisdiction exists where a defendant's contacts with a state are so "continuous and systematic" that it justifies subjecting the defendant to jurisdiction, despite the fact that those contacts did not give rise to the particular lawsuit at issue. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445–46 (1952).   Specific jurisdiction, on the other hand, "is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citations omitted).   In this case, there is no allegation that general jurisdiction exists; only specific jurisdiction is at issue.

3

Determining whether specific jurisdiction exists requires a three-part inquiry: first, the defendant must purposefully direct activities toward the forum; second, plaintiff's claims must arise out of or relate to one of those specific acts; and third, a court should consider whether additional factors ensure that jurisdiction comports with traditional notions of fair play and substantial justice. *See, e.g.*, *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008) (citations omitted).

The second element of specific jurisdiction is the relatedness requirement—i.e., the injuries must "arise out of or relate to" the defendant's contacts with a state. Varying tests exist among the different federal circuits in determining whether this element is satisfied. *See Miller Yacht Sales, Inc.*, 384 F.3d at 102–05 (Scirica, C.J., dissenting) (surveying cases). In this Circuit, "courts should 'approach each case individually and take a realistic approach.'" *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 320 (3d Cir. 2007) (quoting *Miller Yacht Sales, Inc.*, 384 F.3d at 99–100). However, analyzing specific jurisdiction is not unbound from any type of standard. *See id.* at 320–22 (rejecting hybrid approaches). "The animating principle behind the relatedness requirement is the notion of a tacit quid pro quo that makes litigation in the forum reasonably foreseeable." *Id.* at 322 (citing *Burger King Corp.*, 471 U.S. at 475–76).

In *O'Connor*, the United States Court of Appeals for the Third Circuit fully addressed this issue for the first time. There, the court held that but-for causation was a necessary requirement for establishing relatedness between a defendant's purposeful contacts and each specific cause of action. *See id.* at 322–23; *see also Colvin v. Van Wormer Resorts, Inc.*, 417 F. App'x 183, 187 (3d Cir. 2011). "As the name indicates, this standard is satisfied when the plaintiff's claim would not have arisen in the absence of the defendant's contacts." *Id.* at 319 (collecting cases). But-for causation alone, however, is insufficient to create the required nexus

4

between purposeful contacts and a plaintiff's claims. *See id.* at 322 ("[A]lthough the analysis may begin with but-for causation, it cannot end there."). The *O'Connor* court concluded:

> We thus hold that specific jurisdiction requires a closer and more direct causal connection than that provided by the but-for test. As we stated in *Miller Yacht*, there is no 'specific rule' susceptible to mechanical application in every case. But in the course of this necessarily fact-sensitive inquiry, the analysis should hew closely to the reciprocity principle upon which specific jurisdiction rests. With each purposeful contact by an out-of-state resident, the forum state's laws will extend certain benefits and impose certain obligations. Specific jurisdiction is the cost of enjoying the benefits. The relatedness requirement's function is to maintain balance in this reciprocal exchange. In order to do so, it must keep the jurisdictional exposure that results from a contact closely tailored to that contact's accompanying substantive obligations. The causal connection can be somewhat looser than the tort concept of proximate causation, but it must nonetheless be intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable.

*Id.* at 323 (internal citations and quotations omitted).

After reviewing the facts alleged in Plaintiff's Complaint, taken as true and viewed in light most favorable to Plaintiff, the Court cannot conclude that specific personal jurisdiction exists over Defendant. There are only two facts alleged in the Complaint that show purposefully directed contact by Bronx-Lebanon toward the State of New Jersey. First, on several occasions during the months of September through December of 2010, representatives of Defendant went to Plaintiff's Somerset, New Jersey corporate headquarters for the purpose of "witness[ing] the MTBC set-up and the method in which MTBC delivers its services and products to clients." (Compl. ¶ 19) [1-1]. Then, on December 14, 2010, Bronx-Lebanon sent a correspondence to MediTab, which terminated the relationship between the two companies. (*Id.* ¶¶ 25–26). A representative of Bronx-Lebanon forwarded a copy of this communication to Plaintiff at its corporate address, presumably in New Jersey. (*Id.* ¶ 25). Neither of these alleged facts, however, serves as a but-for cause of Plaintiff's causes of action.

There are two main theories on which Plaintiff's claims rely.  First, Plaintiff alleges that it performed work on behalf of Bronx-Lebanon with Defendant's full knowledge and without ever being paid.  This serves as the basis for Plaintiff's claims under counts one (unjust enrichment) and three (quantum meruit).  Second, Plaintiff claims that Bronx-Lebanon made a promise to Plaintiff that it would be chosen to provide billing services to the hospital after the contract between Bronx-Lebanon and MediTab ended.  Based upon its reasonable reliance on this promise, Plaintiff allegedly put additional resources toward working for Bronx-Lebanon to Plaintiff's detriment.  This is the basis for Plaintiff's second cause of action (promissory estoppel).

In the absence of the two purposeful contacts described above, Plaintiff's claims would still have arisen.  Thus, these contacts are not a but-for cause of Plaintiff's claims.  Moreover, although a "relatedness analysis . . . requires neither proximate causation nor substantive relevance," there must be some "meaningful link exist[ing] between a legal obligation that arose in the forum and the substance of the plaintiff's claims." *O'Connor*, 496 F.3d at 324.  No such meaningful link exists in this case.

First, the Defendant's visit to the New Jersey facility was not meaningfully related to work actually being done on Defendant's behalf or a promise made to Plaintiff.  Rather, it appears that the purpose of this visit was to determine whether Plaintiff would be chosen to succeed MediTab following the Request for Proposal.  In other words, it was an informational visit.  *See Sunbelt Corp. v. Noble, Denton & Assoc., Inc.*, 5 F.3d 28, 32 (3d Cir. 1993) ("[I]nformational communications in furtherance of [a] contract do not establish the purposeful activity necessary" to establish specific jurisdiction. (citing *Stuart v. Spademan*, 772 F.2d 1185, 1193 (5th Cir. 1985)).  Although this contact is in some manner loosely related to Plaintiff's

6

promissory estoppel claim, the relationship between this visit and the alleged promise made by Defendant is too tenuous to have this contact serve as a basis for specific personal jurisdiction.

Similarly, Defendant forwarding to Plaintiff the letter that terminated Defendant's relationship with MediTab is not meaningfully related to any of Plaintiff's causes of action. "Mail and telephone communications sent by [a] defendant into the forum may count toward the minimum contacts that support jurisdiction," *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993), but "such contacts must evidence a 'deliberate targeting' of the forum," *InfoMC, Inc. v. Comprehensive Behavioral Care, Inc.*, No. 10-4907, 2012 U.S. Dist. LEXIS 44721, at *27 (E.D. Pa. Mar. 30, 2012) (quoting *O'Connor*, 496 F.3d at 317). At best, this communication serves as evidence that Defendant knew they were receiving a benefit from Plaintiff's work. The Defendant's intended purpose of this communication, however, was not to avail itself of any benefit conferred by the laws of the State of New Jersey. Instead, if viewed in light most favorable to Plaintiff, the letter was meant to cease any benefits Defendant was receiving from Plaintiff. This is only tangentially related to Plaintiff's claims. *Cf. Piano Wellness, LLC v. Williams*, No. 11-1601, 2011 U.S. Dist. LEXIS 146654, at *20 (D.N.J. Dec. 21, 2011) (sending of a cease-and-desist letter does not establish the minimum contacts necessary to establish specific jurisdiction).

Based upon these limited purposeful contacts with the State of New Jersey, it would not be reasonably foreseeable to Defendant that it would be subject to suit in this district. Ultimately, Defendant derived no benefit from these two directed contacts with the state. Thus, it is unlikely that Defendant would think of itself as subject to suit in this court. Therefore, the tacit quid pro quo implicit in specific jurisdiction would not warrant establishing personal jurisdiction over Defendant in this case.

## II.     CONCLUSION

For the foregoing reasons this Court does not properly have personal jurisdiction over the Defendant.

Accordingly, it is on this 20 day of June, 2012,

ORDERED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim [5] is GRANTED; and it is

ORDERED that all claims against Defendant are DISMISSED for lack of personal jurisdiction; and it is

ORDERED that Plaintiff's Motion to Disqualify Counsel [10] is DENIED as moot; and it is

ORDERED that this case is CLOSED.

ANNE E. THOMPSON, U.S.D.J.

8